UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 20-71** |
| **BRYANT LAMONT HARRIS** | **SECTION: "G"** |

### ORDER AND REASONS

Before the Court is the Defendant Bryant Lamont Harris's ("Harris") "Motion to Transfer for Trial."[1] The Court held oral argument on the motion on October 28, 2021 at 2:00 PM. Considering the motion, the memoranda in support and in opposition, the oral argument, the record, and the applicable law, the Court denies the motion.

### I. Background

On February 14, 2020, Harris was charged by a criminal complaint filed in the Eastern District of Louisiana with threatening to assault a federal judge in violation of 18 U.S.C. § 115(a)(1)(B).[2] Harris was subsequently arrested and appeared before a Magistrate Judge in the Southern District of Mississippi on February 18, 2020.[3] Harris was transferred to the Eastern District of Louisiana and made an initial appearance on February 20, 2020.[4] On February 26, 2020, Harris appeared before a Magistrate Judge for a detention hearing, which was continued at Harris's

---

[1] Rec. Doc. 119.

[2] Rec. Doc. 1.

[3] Rec. Doc. 5.

[4] Rec. Doc. 7.

1


request until March 4, 2020.[5] On March 4, 2020, Harris's detention hearing was again continued at his request until March 10, 2020.[6]

At the March 10, 2020, detention hearing, Harris stipulated to detention "with a reservation of the right to reurge should circumstances permit."[7] Shortly after the detention hearing, the COVID-19 pandemic impacted this district.[8] On March 20, 2020, April 28, 2020, and May 29, 2020, the parties agreed to continue the preliminary hearing in light of the logistical problems caused by the pandemic.[9]

On July 24, 2020, Harris was charged by an indictment with threatening to assault a federal judge in violation of 18 U.S.C. § 115(a)(1)(B).[10] On August 3, 2020, Harris appeared before a Magistrate Judge for an initial appearance.[11] On September 1, 2020, Harris filed a "Motion to Reconsider Detention and to Dismiss Indictment."[12] The Court denied the motion on September 17, 2020.[13]

---

[5] Rec. Doc. 14.

[6] Rec. Doc. 16.

[7] Rec. Doc. 18 at 3.

[8] *See* COVID-19 General Order 20-2 (E.D. La. Mar. 16, 2020) (continuing all jury trials until after May 1, 2020).

[9] *See* Rec. Docs. 21, 22, 23, 24, 26, 28.

[10] Rec. Doc. 31.

[11] Rec. Doc. 35.

[12] Rec. Doc. 37.

[13] Rec. Doc. 48.

On September 22, 2021, Harris filed the instant Motion to Transfer.[14] On October 20, 2021, the government filed an opposition to the motion.[15] On October 27, 2021, Harris filed a reply brief in further support of the motion.[16]

## II. Parties' Arguments

*A.    Harris's Arguments in Support of the Motion*

Harris moves the Court to transfer this case to a different venue for trial pursuant to Federal Rule of Criminal Procedure 21(a).[17] Harris notes that the Court must transfer the matter if it is satisfied that so great a prejudice against the defendant exists that the defendant cannot receive a fair and impartial trial.[18] Harris "suggests that the allegations against [him] makes it impossible for [him] to obtain a fair and impartial trial in the EDLA."[19] Harris notes that the alleged victim and primary witnesses in this case are "considered part of the court's 'family.'"[20] Harris posits that "[c]ourt personnel may unconsciously nod, waive, or otherwise address the alleged victim and witnesses—unknowingly boosting their credibility in the eyes of the jurors."[21] According to

---

[14] Rec. Doc. 119.

[15] Rec. Doc. 123.

[16] Rec. Doc. 128.

[17] Rec. Doc. 119 at 1.

[18] Rec. Doc. 119-1 at 1.

[19] *Id.* at 2.

[20] *Id.*

[21] *Id.*

3

Harris, "[t]hese circumstances would make it difficult for [him] to obtain a fair and impartial trial."[22]

Harris argues that this case is similar to *United States v. Wright*.[23] There, the defendant was charged with attacking an Assistant United States Attorney during a sentencing hearing.[24] A district judge in the Eastern District of New York transferred the case to a different venue.[25] Similarly, Harris argues that the fact that the alleged victim in this case is a presiding judge in this district court could cause observers to question whether Harris can fairly be tried in this district.[26]

### B.   *The Government's Arguments in Opposition to the Motion*

As an initial matter, the government points out that the motion was filed after extensive litigation in this Court.[27] Moreover, the government argues that transfer is not warranted.[28] Contrary to Harris's claims, the government suggests that "it is not uncommon for threats against a federal judge to be charged and tried in the same district where the victim judge presides."[29] The government notes that in the Fifth Circuit, the Honorable John H. Wood, Jr. was murdered, and the defendants were tried in the Western District of Texas where he presided.[30]

---

[22] *Id.*

[23] *Id.* (citing 603 F. Supp. 2d 506 (E.D.N.Y. 2009)).

[24] *Id.*

[25] *Id.*

[26] *Id.* at 3.

[27] Rec. Doc. 123 at 1.

[28] *Id.*

[29] *Id.* at 2 (citing *United States v. Schiefen*, 139 F.3d 638 (8th Cir. 1998); *United States v. Andrews*, 48 F. App'x 151 (6th Cir. 2002); *United States v. Saunders*, 166 F.3d 907 (7th Cir. 1999); *United States v. Stacy*, 568 F. App'x 545 (10th Cir. 2014); *United States v. Berki*, 936 F.2d 529 (11th Cir. 1991)).

[30] *Id.* (citing *United States v. Harrelson*, 754 F.2d 1153 (5th Cir. 1985)).

The government notes that Harris has not shown any specific instances of conduct indicating prejudice against him.[31] According to the government, "there is no automatic presumption of unfairness that forecloses any opportunity for a fair trial in the district where the victim judge presides."[32] Therefore, the government asserts that the instant motion should be denied.[33]

C. *Harris's Arguments in Further Support of the Motion*

In the reply brief, Harris argues that the motion is timely.[34] Harris contends that a change of venue would not prejudice any party as the trial is not scheduled to begin until January 2022.[35] Harris notes that the government cited five cases to support its position that it is "not uncommon for threats against a federal judge to be charged and tried in the same district where the victim judge presides."[36] However, Harris argues that two of these cases do not support the government's position.[37] Specifically, in *United States v. Schiefen* the defendant did not argue that he would be prejudiced by being tried in the district where the victim judge presided.[38] Additionally, Harris notes that *United States v. Andrews* concerned a threatening communication sent to a circuit judge,

---

[31] *Id.* at 3.

[32] *Id.*

[33] *Id.*

[34] Rec. Doc. 128 at 1.

[35] *Id.* at 2.

[36] *Id.*

[37] *Id.*

[38] *Id.* (citing *Schiefen*, 139 F.3d at 639).

5

who did not preside in the same district court.³⁹ Harris reasserts his argument that this case is most similar to *United States v. Wright*.⁴⁰ Finally, Harris argues that he does not have to demonstrate any specific instances of conduct indicating prejudice against him. Harris contends that "true justice requires this matter to be transferred to a district where [he] is guaranteed a fair and impartial trial."⁴¹

### III. Applicable Law

Pursuant to Rule 18 of the Federal Rules of Criminal Procedure, "the government must prosecute an offense in a district where the offense was committed."⁴² "This firm requirement, however, may be flexed where a defendant's request for transfer proves warranted" under Federal Rule of Criminal Procedure 21.⁴³ Rule 21(a) provides that "[u]pon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there."⁴⁴ Rule 21(d) provides that "[a] motion to transfer may be made at or before arraignment or at any other time the court or these rules prescribe."⁴⁵

"Venue change on the grounds of prejudice will be deemed appropriate where there is an ever-prevalent risk that the level of prejudice permeating the trial is so dense that a defendant

---

³⁹ *Id.* (citing *Andrews*, 48 F. App'x at 151).

⁴⁰ *Id.* (citing *Wright*, 603 F. Supp. 2d at 508).

⁴¹ *Id.*

⁴² Fed. R. Crim. P. 18.

⁴³ *United States v. Quiles-Olivo*, 684 F.3d 177, 181 (1st Cir. 2012).

⁴⁴ Fed. R. Crim. P. 21(a).

⁴⁵ Fed. R. Crim. P. 21(d).

who did not preside in the same district court.³⁹ Harris reasserts his argument that this case is most similar to *United States v. Wright*.⁴⁰ Finally, Harris argues that he does not have to demonstrate any specific instances of conduct indicating prejudice against him. Harris contends that "true justice requires this matter to be transferred to a district where [he] is guaranteed a fair and impartial trial."⁴¹

### III. Applicable Law

Pursuant to Rule 18 of the Federal Rules of Criminal Procedure, "the government must prosecute an offense in a district where the offense was committed."⁴² "This firm requirement, however, may be flexed where a defendant's request for transfer proves warranted" under Federal Rule of Criminal Procedure 21.⁴³ Rule 21(a) provides that "[u]pon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there."⁴⁴ Rule 21(d) provides that "[a] motion to transfer may be made at or before arraignment or at any other time the court or these rules prescribe."⁴⁵

"Venue change on the grounds of prejudice will be deemed appropriate where there is an ever-prevalent risk that the level of prejudice permeating the trial is so dense that a defendant

---

³⁹ *Id.* (citing *Andrews*, 48 F. App'x at 151).

⁴⁰ *Id.* (citing *Wright*, 603 F. Supp. 2d at 508).

⁴¹ *Id.*

⁴² Fed. R. Crim. P. 18.

⁴³ *United States v. Quiles-Olivo*, 684 F.3d 177, 181 (1st Cir. 2012).

⁴⁴ Fed. R. Crim. P. 21(a).

⁴⁵ Fed. R. Crim. P. 21(d).

cannot possibly receive an impartial trial."[46] "This prejudicial fog clouding a trial's fairness may be established where the facts show 'that jury prejudice should be presumed, and [] if prejudice should not be presumed, [that] the jury was actually prejudiced against the defendant.'"[47] "Rule 21(a)'s requirements tend to 'almost exclusively' apply 'in cases in which pervasive pretrial publicity has inflamed passions in the host community past the breaking point.'"[48]

"As the words of the rule imply, that decision is one committed to the sound discretion of the trial court."[49] "A district court abuses its discretion when it makes an error of law or 'if it bases its decision on a clearly erroneous assessment of the evidence.'"[50]

### IV. Analysis

Harris moves the Court to transfer this case to a different venue for trial pursuant to Federal Rule of Criminal Procedure 21(a).[51] Harris "suggests that the allegations against [him] makes it impossible for [him] to obtain a fair and impartial trial in the EDLA."[52] In response, the government argues that transfer is not warranted.[53] The government notes that Harris has not shown any specific instances of conduct indicating prejudice against him.[54] According to the

---

[46] *Quiles-Olivo*, 684 F.3d at 182.

[47] *Id.* (quoting *United States v. Rodríguez-Cardona*, 924 F.2d 1148, 1158 (1st Cir. 1991) (alterations in original)).

[48] *Id.* (quoting *United States v. Walker*, 665 F.3d 212, 223 (1st Cir. 2011)).

[49] *Harrelson*, 754 F.2d at 1159.

[50] *United States v. Wilcox*, 631 F.3d 740, 747 (5th Cir. 2011) (citing *United States v. Lipscomb*, 299 F.3d 303, 338–39 (5th Cir. 2002)).

[51] Rec. Doc. 119 at 1.

[52] Rec. Doc. 119-1 at 2.

[53] Rec. Doc. 123.

[54] *Id.* at 3.

government, "there is no automatic presumption of unfairness that forecloses any opportunity for a fair trial in the district where the victim judge presides."[55]

Harris relies primarily on *United States v. Wright*.[56] There, the defendant was charged with assault on a federal officer after he allegedly attacked an Assistant United States Attorney during a sentencing hearing.[57] A district judge in the Eastern District of New York granted the defendant's *unopposed* motion to transfer the case to the Southern District of New York.[58] The court reasoned that it "must be mindful of the public's perception of the judicial process and is charged with ensuring that the public perceives its process to be impartial."[59] The court found it "conceivable that conducting [the defendant's] trial in the same courthouse where the alleged crime occurred and surrounded by court personnel who may have known and worked with the alleged victim and/or the witnesses likely to be called to testify could cause an objective reasonable observer to second guess the impartiality and fairness of the proceedings."[60] Notably, the United States Attorney for the Eastern District of New York recused itself from the matter, and the government was represented by the United States Attorney for the Southern District of New York, the district to which the case was transferred.[61]

---

[55] *Id.*

[56] 603 F. Supp. 2d at 506.

[57] *Id.* at 508.

[58] *Id.* at 509.

[59] *Id.* at 508.

[60] *Id.* at 509.

[61] *Id.* at 507, n.1.

8

The government relies primarily on *United States v. Harrelson*.[62] The government cites to the portion of the opinion that concerns the denial of a motion to recuse. However, in *Harrelson*, the Fifth Circuit reviewed the district court's denial of both a motion to transfer venue and a motion to recuse.[63] Three defendants were tried and convicted of felonies arising from the murder of United States District Judge John Wood.[64] The defendants argued that the trial court abused its discretion in denying a change of venue sought on the basis of prejudicial pretrial publicity.[65] Even assuming that prejudicial pretrial publicity saturated the venire, the Fifth Circuit concluded that the careful and thorough voir dire conducted by the trial judge resulted in the empaneling of an impartial jury.[66]

The trial was conducted in the courthouse where Judge Wood presided, which was later renamed the "John H. Wood, Jr. Courthouse."[67] A prominent memorial plaque was displayed in the building, and the defendants also argued that the jury must have been "tainted by their exposure to this sentiment of the community as evidenced by the deceased's name on the courthouse walls."[68] The Fifth Circuit framed "[t]he sentiment in question [as] one of respect for the deceased judge, one doubtless shared by most participants in the proceedings."[69] The appellate court did

---

[62] *Harrelson*, 754 F.2d at 1153.

[63] *Id.* at 1158.

[64] *Id.* at 1159.

[65] *Id.*

[66] *Id.* at 1160–61.

[67] *Id.* at 1162.

[68] *Id.*

[69] *Id.*

9

"not perceive, however, how this can be translated into a prejudice against particular defendants."[70] The court reasoned as follows:

> It is conceded that respect for a victim may conduce to anger against his killer. It is not conceded that such respect is in any way improper, or that such anger, evoked by all brutal crimes, can be vitiated by a change in physical surroundings. Murder is not so trivial an event. Given the careful examination and prophylactic instructions of the trial court, we do not see how this mute reminder of community respect for the dead could have prejudiced the panel. Impartiality does not demand that a jury forget the name of the victim.[71]

Here, Harris has not shown that "so great a prejudice against [him] exists in the [Eastern District of Louisiana] that [he] cannot obtain a fair and impartial trial [in this district]."[72] Harris argues that transfer is warranted because jurors will walk through the Eastern District of Louisiana's hallways where the alleged victim's name and photograph are displayed as a presiding judge. The Fifth Circuit rejected a similar argument in *Harrleson*.

Harris posits that "[c]ourt personnel may unconsciously nod, waive, or otherwise address the alleged victim and witnesses—unknowingly boosting their credibility in the eyes of the jurors."[73] This argument is unavailing. At the start of trial, the Court will instruct the jury, attorneys, and court staff not to extend any greetings to each other, so as to avoid any appearance or impression of partiality.

Contrary to Harris's suggestion, cases regarding threats against a federal judge are often tried in the same district where the victim judge presides.[74] Rule 21(a) challenges are often

---

[70] *Id.*

[71] *Id.*

[72] Fed. R. Crim. P. 21(a).

[73] Rec. Doc. 119-1 at 2.

[74] *Schiefen*, 139 F.3d at 639 (finding venue was proper in the United States District Court for the District of South Dakota, in a prosecution for threatening a federal judge and obstruction of justice, because alleged conduct

10

successful "in cases in which pervasive pretrial publicity has inflamed passions in the host community past the breaking point."[75]  This is not such a case. At oral argument, counsel conceded that there has been limited pretrial publicity in this case. The Court will conduct a careful and thorough voir dire to ensure the empaneling of an impartial jury. Additionally, the Court will question the venire to ensure that the fact the alleged victim is a federal judge will not color anyone's ability to be impartial. Therefore, Harris has not shown that transfer is warranted, and the Court denies the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bryant Lamont Harris's "Motion to Transfer for Trial"[76] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 30th day of October, 2021.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

occurred in South Dakota); *Saunders*, 166 F.3d at 907 (affirming defendant's conviction in the Northern District of Illinois of interfering with a federal judge in the execution of her duties and attempting to kill an officer of the United States after sending a threatening letter and bomb to a judge who presided in the district); *Stacy*, 568 F. App'x at 545 (affirming defendant's conviction in the District of New Mexico of threatening to murder a federal judge who presided in the district); *Berki*, 936 F.2d at 529 (affirming defendant's conviction in the Southern District of Florida with threatening to assault and threatening to murder a federal judge who presided in the district).

[75] *Quiles-Olivo*, 684 F.3d at 182 (quoting *Walker*, 665 F.3d at 223).

[76] Rec. Doc. 119.